# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**K'OLIN JE'VON BOYD**                                                                     **PETITIONER**

**v.**                                             **CIVIL ACTION NO. 1:24-cv-231-TBM-RPM**

**JACKSON COUNTY ADULT**
**DETENTION CENTER**                                                                  **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Petitioner K'olin Je'von Boyd initiated this habeas action on July 26, 2024. At the time, he was a pretrial detainee at the Jackson County Adult Detention Center.

On December 4, 2024, the Court ordered Boyd to respond to certain inquiries regarding the Petition by December 18. Having received no response, on January 2, 2025, the Court entered the Order to Show Cause [10]. The Court ordered Boyd to show cause why the case should not be dismissed for failure to obey the Court's prior Order [8]. The response was due January 16. When Boyd did not respond, the Court entered a Second Order to Show Cause [12], on January 30, giving him one final chance to comply.

All Orders were sent to Boyd's address of record but were returned as undeliverable. To date he has neither responded, provided a change of address, nor otherwise contacted the Court. The Court has warned Boyd that failure to prosecute or comply, including keeping the Court apprised of his address, may lead to the dismissal of his Petition. [12] at pg. 1; [10] at pg. 1; [8] at pp. 1-2. It is apparent from Boyd's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court

order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 734, 737-38 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, 370 U.S. at 629-30. Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of March, 2025.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE